# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PATRICK NAGORSKI,　*Plaintiff,*　v.　HARRIS COUNTY, TEXAS　*Defendant* | CIVIL ACTION NO.:　4:23-cv-2860　　JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

NOW COMES Patrick Nagorski (hereinafter referred to as "Plaintiff") in the above-styled cause complaining of and about Harris County, Texas (hereinafter referred to as "Defendant" or "Harris County") and for cause of action files this, his Original Complaint, show to the Court the following:

### I.　PARTIES

1.　Plaintiff Patrick Nagorski is an individual residing in Fort Bend County, Texas. Plaintiff is a citizen of the United States and the State of Texas. The cause of action complained of herein arose at Defendant's offices in Harris County, Texas.

2.　Defendant Harris County, Texas is a governmental unit of the State of Texas, organized and existing under the laws of the State of Texas, and may be served by serving the Harris County Attorney, Christian D. Menefee at 1019 Congress St, 15th Floor Houston, Texas 77002.

### I.　JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. section 1331, as Plaintiff's causes of action arise under two federal statutes, the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq.

4. Venue is proper in the District of Texas – Houston Division pursuant to 28 U.S.C. §1391(e), because Defendant is an agency of the United States.

## II.   NATURE OF THE ACTION

5. This is an action brought pursuant to the ADA on the ground that Plaintiff was discriminated against because of his disability and retaliated against after engaging in protected activities.

6. This action is also brought pursuant to the FMLA on the grounds that Plaintiff was retaliated against after engaging in protected activities.

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. On May 16, 2022, Plaintiff filed a Charge of Discrimination (Charge No. 460-2022-04424) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for retaliation and discrimination on the basis of disability.

8. On May 5, 2023, the EEOC gave Plaintiff notice that he had the right to file a civil action in the United States within ninety (90) days. Plaintiff now files this lawsuit within ninety (90) days; therefore, this lawsuit is timely filed.

## IV.   FACTS

9. Plaintiff was an attorney employed by Defendant, Harris County, in the Harris County Attorney's Office from 2013 to July 2022, where he had consistently maintained performance and reviews that met and exceeded expectations. Additionally, Plaintiff served as a UH-60 Pilot in the United States Army Reserve.

10. In January 2021, Christian D. Menefee assumed office as the elected County Attorney for Harris County, resulting in various organizational changes throughout Harris County Attorney's

*Plaintiff's Original Complaint*  2

Office. Throughout most of 2021, Plaintiff reported directly to an immediate supervisor, Division Director Stan Clark, who reported to Managing Counsel, Seth Hopkins. Beginning in late February 2022, Natalie DeLuca replaced Seth Hopkins as Managing Counsel.

11. During this period, Plaintiff encountered severe stress due to personal circumstances and required protected leave as the sole caregiver for his young son. Plaintiff duly notified his supervisors about a disability that significantly impacted his ability to work, and he sought reasonable accommodations.

12. On December 10, 2021, Plaintiff contacted Harris County's HR Generalist, Jaime Buchanan seeking to start the process of ADA or FMLA accommodation. Prior to these written requests, Plaintiff had also made verbal requests for accommodations. Despite Plaintiff's explicit and documented requests for medical accommodations, Defendant wholly disregarded these requests and failed to engage in a proper good-faith analysis of the situation.

13. Instead of addressing the accommodation requests as mandated by law, Defendant engaged in retaliation against Plaintiff. This retaliation manifested as a negative 2021 annual review conducted by Mr. Stan Clark, the Plaintiff's direct supervisor, and the placement of the Plaintiff on a Performance Plan. The comments made in the review were subjective, inaccurate, and referred to standards not applied to other employees who had not requested accommodations or leave. Moreover, the negative comments specifically targeted areas in which Plaintiff had sought medical accommodations.

## V. CLAIMS

### COUNT 1: DISABILITY DISCRIMINATION PURSUANT TO THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. § 12101 ET SEQ.

14. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

15. Defendant intentionally engaged in unlawful employment practices involving Plaintiff

because of his disability.

16. Defendant refused to engage in an interactive dialogue with Plaintiff in order to seek reasonable accommodations.

17. In addition to the aforementioned discriminatory actions, Defendant unjustly administered a negative annual review to Plaintiff and subjected him to a Performance Plan, thus exacerbating the adverse employment actions taken against him.

18. Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment, or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's disability in violation of the ADA, as amended, 42 U.S.C. § 12101 et seq.

## COUNT 2: VIOLATION OF THE

## FAMILY AND MEDICAL LEAVE ACT, 29 CFR § 825.220

19. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

20. Defendant's actions and omissions deprived Plaintiff of the protections conferred upon him by his employment, including, but not limited to, paid medical leave as mandated by the Family and Medical Leave Act.

21. Defendant's refusal to comply with the requirements of the Family and Medical Leave Act constitutes an interference with, restraint of, and denial of the Plaintiff's right to exercise the protections and entitlements afforded to him under the said Act.

22. As a direct consequence of the Defendant's contravention of the Family and Medical Leave Act, Plaintiff has suffered significant losses of benefits and incurred economic damages, encompassing all actual, consequential, continuing, and future compensatory damages, as duly provided for under the provisions of the Family and Medical Leave Act.

## COUNT 3: RETALIATION PURSUANT TO THE

## FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2601 ET SEQ.

23. Plaintiff incorporates by reference all the foregoing allegations in each of the paragraphs above as if fully set forth herein.

24. In December 2021, Plaintiff lawfully engaged in protected activity by making a request for information pertaining to a Family and Medical Leave Act accommodation. Subsequently, Plaintiff asserted that the adverse actions taken against him, specifically the negative performance review and placement on a Performance Plan, were in direct retaliation for his exercise of rights under the Family and Medical Leave Act.

25. Defendant's retaliation against the Plaintiff, following his exercise of the right to request information in connection with an inquiry or proceeding relating to a right under the Family and Medical Leave Act, constitutes a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

### VI.   JURY DEMAND

26. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submits the jury fee.

### VII.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants for:

  a. All damages that Plaintiff may be entitled to pursuant to this Original Complaint, or any amendments thereto, including (but not limited to) back pay, future wages, reinstatement, upgrading, and compensation for benefits not received;

  b. Compensatory damages, including (but not limited to) emotional distress;

  c. Past, present, and future physical pain and mental suffering;

    d.    Punitive damages;

    e.    Liquidated damages;

    f.    Reasonable attorneys' fees, as allowed by law (with conditional awards in the event of appeal);

    g.    Pre-judgment interest (at the highest rate permitted by law);

    h.    Post-judgment interest from the judgment until paid (at the highest rate permitted by law);

    i.    Costs of Court; and

    j.    Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by any proper amendments thereto.

Respectfully submitted,



*/s/Alfonso Kennard, Jr.*
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District No.713316
Kennard Law, P.C.
5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (832) 558-6670
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFF**

**OF COUNSEL:**
Eddie Hodges, Jr.
Texas Bar No. 24116523
Southern District No.: 3479748
Kennard Law, P.C.

5120 Woodway Dr., Suite 10010
Houston, Texas 77056
Tel: (713) 742-0900
Fax: (832) 558-9412
eddie.hodges@kennardlaw.com