UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK NAGORSKI | § | |
| | § | |
| V. | § | C.A. NO.: 4:23-cv-02860 |
| | § | |
| HARRIS COUNTY, TEXAS | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANT HARRIS COUNTY, TEXAS' OBJECTION TO
EXHIBIT 33 ATTACHED TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. 59)**

TO THE HONORABLE DAVID HITTNER:

COMES NOW, Patrick Nagorski ("Plaintiff") and files this his Response to Defendant Harris County, Texas' Objection to Exhibit 33 Attached to Plaintiff's Response to Defendant's Motion for Summary Judgment, and respectfully shows that the objection should, in all things, be overruled and denied.

**PROCEDURAL, DISCOVERY, AND FACT HISTORY**

1. On March 7, 2024, the Court entered an Amended Rule 16 Scheduling Order which provided in relevant part that the "MOTION CUTOFF" date was August 30, 2024, and states "No motion, including motions to exclude or limit expert testimony under Fed. R. Evid. 702, shall be filed after this date except for good cause shown. See L.R. 7." *See Court's Amended Rule 16 Scheduling Order [Doc. 26]*.

1

2. On October 13, 2023, Defendant served its Initial Disclosures on Plaintiff and, in relevant part, stated "Defendant also designates all individuals identified in Plaintiff's Initial Disclosures. As of that date, Plaintiff had not served Initial Disclosures due to his prior attorney failing to do so. *See Exhibit 1, Defendant's Initial Disclosures dated 10/13/23, page 2.*

3. On March 19, 2024, by agreement, Plaintiff served his Initial Disclosures wherein he identified Dr. Zdilar as an individual likely to have discoverable information that he may use to support his claims or defenses as follows:

> Darko Zdilar, M.D.
> Serenity Mental Health Clinic, LLC 4502 Riverstone Blvd., Suite 201 Missouri City, Texas 77459
> Dr. Zdilar was previously with Solace Psychiatric Clinic PLLC, 4502 Riverstone Blvd., Suite 601, Missouri City, Texas 77459, but said office is now closed.
> *Dr. Zdilar is and was Plaintiff's treating physician before, during and after the conduct giving rise to this claim.*
>
> *See Exhibit 2, Plaintiff's Initial Disclosures dated 3/19/24, pages 4-5.*

4. In his Initial Disclosures, Plaintiff also identified and disclosed the custodian of records for both Serenity Mental Health Clinic, LLC ("Serenity") and Solace Psychiatric Clinic PLLC ("Solace") as likely to have discoverable information that he may use to support his claims or defenses. *Id.*

5. On June 21, 2024, Defendant served its First Amended Disclosures again designating "all individuals identified in Plaintiff's Initial Disclosures" which

2

would include Dr. Zdilar and added the custodian of records for both Serenity and Solace. *See Exhibit 3, Defendant's First Amended Disclosures dated 6/21/24, page 4.* In its First Amended Disclosure, Defendant also listed "records obtained by subpoena" in its description of documents that it may use to support its claims or defenses. *Id.*

6. At the time of serving its First Amended Disclosures, Defendant had, on April 1, 2024, subpoenaed Serenity and Solace's records related to Plaintiff by Depositions on Written Questions and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. *See Exhibit 4, Defendant's Notice of Intention to Take Deposition by Written Questions dated 4/1/24.*

7. At the time of serving its First Amended Disclosures, Defendant had, on May 22, 2024, subpoenaed Dr. Zdilar's records directly from Dr. Zdilar related to Plaintiff by Depositions on Written Questions and a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. *See Exhibit 5, Defendant's Notice of Intention to Take Deposition by Written Questions dated 5/22/24.*

8. On July 29, 2024, Defendant served its Second Amended Disclosures again designating "all individuals identified in Plaintiff's Initial Disclosures" which would include Dr. Zdilar and includes the custodian of records for both Serenity and

3

Solace. *See Exhibit 6, Defendant's Second Amended Disclosures dated 7/29/24, page 4.* In its Second Amended Disclosure, Defendant also listed "documents obtained via Subpoena from Plaintiff's former employers and healthcare providers" in its description of documents that it may use to support its claims or defenses. *Id.* Dr. Zdilar was a healthcare provider whose records were subpoenaed directly from him and his past and current practices. *See Exhibits 4 and 5.*

9. Plaintiff produced Dr. Zdilar's records to Defendant and Defendant, likewise, produced the records it obtained from Dr. Zdilar, Solace and Serenity to Plaintiff during the discovery process.

10. In June, July and August 2024, the parties took six depositions of their choosing in the case, i.e. the Plaintiff, Pam Rea, Stan Clark, Natalie DeLuca, Seth Hopkins and Jamie Buchanan. In Plaintiff's deposition, he was asked many questions regarding Dr. Zdilar and, for example, specifically about Dr. Zdilar and his accommodations recommendations to which Plaintiff testified that his "impression was – was that he [Dr. Zdilar] did not want to make a recommendation on attorney work that he was not familiar with on what I should and should not be working on." *See Exhibit 3 to Plaintiff's Response to Defendant's Motion for Summary Judgment, Deposition of Patrick Nagorski, page 172, line 16 to page 173, line 6.*

11. As detailed above, Dr. Zdilar had been identified for months in this

4

litigation (and even longer since Defendant was aware of Dr. Zdilar at least as early as February 2022) as Plaintiff's treating physician before, during and after the conduct giving rise to this claim and as someone whom Plaintiff intended to use to prove his claims in this matter.  Defendant also identified Dr. Zdilar by its designation of all individuals identified by Plaintiff.  At no time did Defendant ever request to take Dr. Zdilar's deposition to determine what his testimony would be in this matter as to the fact issues regarding what he received, what he did, what he understood his role was, and why he did things the way that he did them, among other things, which he certainly can testify factually about, including his perceptions and to explain his actions.

12. Despite both parties' inclusion of Dr. Zdilar in their disclosure responses and questioning about Dr. Zdilar and his records throughout the depositions, Defendants did not file any motion to exclude or limit testimony from Dr. Zdilar by the August 30, 2024, motion cutoff date.

13. Rather, in its Motion for Summary Judgment, Defendant utilized Dr. Zdilar's records as an exhibit and argued what Defendant believed Dr. Zdilar meant and what his intentions were.  In response, Dr. Zdilar provided sworn factual testimony in his Declaration.  *See Exhibit 33 to Plaintiff's Response to Defendant's Motion for Summary Judgment*.  Exhibit 33 is hereinafter referred to as the "Declaration."

## ARGUMENTS AND AUTHORITIES

**A.     The Declaration is not expert opinion.**

14.     Defendant's first argument suggests the entire Declaration should be struck because Dr. Zdilar was not timely designated as an expert witness. However, this ignores the fact that Dr. Zdilar is a fact witness in regard to what he did in this matter, forms he received, his completion and return of those forms, his understanding of the forms, what he understood his role to be, why he was not in a position to suggest accommodations, and the like – none of which requires any special knowledge, skill, experience, training or education to relay. *Id.* The Declaration covers all those factual areas and is not expert witness opinion, but rather is fact witness testimony - testimony that was necessitated by Defendant opening the door by using Dr. Zdilar's records and its own spin on what the records mean or what Dr. Zdilar's position was in regard to accommodations. *Id.* Defendant opening the door also made any offer of the Declaration by Plaintiff harmless.

15.     To the extent the Court deems the three complained of statements identified by Defendant within the Declaration to be opinion, then Plaintiff argues that such opinions are allowed under Rule 701 of the Federal Rules of Evidence, "Opinion Testimony by Lay Witnesses," which states:

**Rule 701. Opinion Testimony by Lay Witnesses**

If a witness is not testifying as an expert, testimony in the form of an opinion

6

is limited to one that is:

    (a) rationally based on the witness's perception;

    (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

    (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Under Rule 701, "a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury." United States v. Riddle, 103 F.3d 423, 428 (5th Cir. 1997).

16.    Further, a witness may testify to a matter if evidence is introduced sufficient to support that a witness has personal knowledge of the matter and evidence proving personal knowledge may consist of the witness's own testimony. Fed. R. Evid. 602. Rule 602 requires a submitting party to lay a proper foundation that witnesses have personal knowledge of the matter about which they will testify. *Id. See Chevron TCI, Inc. v. Capitol House Hotel Manager*, LLC, 541 F. Supp. 3d 687, 692 (M.D. La. 2021).

17.    Taken as a whole, the Declaration clearly lays out that Dr. Zdilar has personal knowledge, how he has personal knowledge, said knowledge is supported by other documents submitted by both parties as evidence in the summary judgment proceeding that wer provided by Dr. Zdilar, and that his perceptions are those that a

normal person would and could have. *See Exhibit 33 to Plaintiff's Response to Defendant's Motion for Summary Judgment.*

18.     The first statement complained of from paragraph 7 of the Declaration, "This is something that should have been discussed and handled between Mr. Nagorski and his employer, both of whom were in the best position to determine appropriate accommodations." requires context and does not exist in a vacuum. Paragraph 7 of the Declaration states:

> 7. I, in no way, understood that I was the decision maker in regard to any decisions to be made regarding accommodations to be provided under the ADA. I believed that I was completing FMLA paperwork as described above. Given that practicing law is a profession like practicing medicine with its own rules and ethical considerations, I was not then and am not now in a position to advise an attorney/patient/employee and his employer as to specific accommodations under the ADA that the attorney/employee needs or that are available regarding the practice of law. This is something that should have been discussed and handled between Mr. Nagorski and his employer, both of whom were in the best position to determine appropriate accommodations. I simply am not knowledgeable enough in practicing law or the type of law Mr. Nagorski practiced to have

8

provided information beyond the need for leave under the FMLA.

*See Exhibit 33 to Plaintiff's Response to Defendant's Motion for Summary Judgment, paragraph 7.*

19.     In paragraph 7, Dr. Zdilar provides the context and why he believed that accommodations were best discussed between Plaintiff and his employer. *Id.* This statement is not expert opinion and falls squarely within Rule 701 as it was based on his perception at the time and now, is helpful and even necessary to understand his records and in determining fact issues, and is not based on any scientific, technical, or other specialized knowledge within the scope of Rule 702. *Id.* If anything, Dr. Zdilar explains why he was not in a position to provide an expert opinion on accommodations. *Id.*

20.     Likewise, the other two statements complained about by Defendant in paragraphs 8 and 9 of the Declaration are not expert opinion and are allowed under Rule 701. Those two statements are substantially similar wherein Dr. Zdilar states that he provided "enough" information to Harris County to merit a discussion and interactive process between Mr. Nagorski and Harris County. *Id. at paragraphs 8 and 9.* These statements are also not expert opinion and fall squarely within Rule 701 as it was based on his perception at the time and now, is helpful and even necessary to understand his records and in determining fact issues, and is not based on any scientific, technical, or other specialized knowledge within the scope of Rule

702. *Id.*

21. In its Motion for Summary Judgment and its Reply, Defendant asserts in various forms that even Plaintiff's own doctor [Dr. Zdilar] could think of no accommodations other than leave. The complained of statements in Dr. Zdilar's Declaration are also supported by the evidence presented in Defendant's Exhibit 7 to its Motion for Summary Judgment and in Plaintiff's Exhibits 3, 34, 44, and 48 in his response to the motion for summary judgment all of which show that Harris County was advised that Plaintiff had a disability, what types of impairment the disability caused, that Plaintiff needed accommodation, and that Defendant's own training documents showed that an interactive process is imperative. All of the complained of statements rationally and reasonably flow from this other evidence presented by both parties in the summary judgment filings.

22. For these reasons, Defendant's objection to the entire Declaration and/or these three specific statements as expert opinion should be overruled and denied. In the alternative, if the Court deems any or all of these three specific statements to be expert opinion, then only the statement(s) determined to be expert opinion by the Court should be struck and the remainder of the Declaration should be allowed.

    **B.    Defendant opened the door and its relevance objection to paragraph 7 should also be overruled and denied.**

23. As shown above, Defendant included Dr. Zdilar's records and its own spin on what those records mean in support of its Motion for Summary Judgment. In doing so, Defendant opened the door to the Declaration and Dr. Zdilar providing a description of what he did, his role in the matter as he understood it, the confusion created by the forms, and all other matters testified to in the Declaration. Dr. Zdilar's records offered by the parties reflect that Defendant was advised that Plaintiff had a disability, what types of impairment the disability caused, and that Plaintiff needed accommodation. *See Defendant's Exhibit 7 to its Motion for Summary Judgment and Plaintiff's Exhibits 3, 34 and 44 to his Response to Motion for Summary Judgment.* The objection that paragraph 7 of the Declaration is irrelevant should be overruled and denied because it is highly relevant to Plaintiff's claims in this lawsuit regarding his disability, what his doctor did and/or did not do and why, clarifies the doctor's position on accommodations, and addresses the Defendant's complete and utter lack of engaging in any type of interactive process with Plaintiff. Said lack of engaging in an interactive process is also addressed in Defendant's own training materials. *See Plaintiff's Exhibit 48 to his Response to Motion for Summary Judgment.*

24. Further in regard to the relevance objection to paragraph 7, the Court is considering a Motion for Summary Judgment (and not presiding over a jury trial) at this time and is certainly capable and well-equipped to discern the relevance of

the exhibits, including Dr. Zdilar's Declaration, submitted by all the parties to the Court and it will not fall prey to any unfair prejudice or confusion of the issues.

25. For these reasons, Defendant's relevance objection to the statement in paragraph 7 should be overruled and denied.

### C. Defendant opened the door and its speculative objection to paragraphs 8 and 9 should also be overruled and denied.

26. In addition to its objection that a similar statement in both paragraphs 8 and 9 are improper expert opinion [addressed above], Defendants also object that these similar statements are "speculative as to what is sufficient." These are the substantially similar statements wherein Dr. Zdilar states that he provided "enough" information to Harris County to merit a discussion and interactive process between Mr. Nagorski and Harris County. *See Exhibit 33 to Plaintiff's Response to Defendant's Motion for Summary Judgment, paragraphs 8 and 9.* Again, considering Dr. Zdilar's Declaration in its entirety and his records submitted by both parties in the summary judgment proceeding, this is not speculative and is supported by the evidence presented by both parties. However, if the Court deems the inclusion of the word "enough" in each sentence to be speculative, then Plaintiff respectfully requests the Court strike only the word "enough" from each sentence as everything else in the complained of sentences are factual assertions supported by the evidence presented by both parties in the summary judgment proceeding.

27. For these reasons, Defendant's speculative objection to the statements in paragraphs 8 and 9 should be overruled and denied.

## CONCLUSION

28. Plaintiff respectfully asserts that Defendant's objections to Dr. Zdilar's Declaration, in whole or in part, should be overruled and denied in its entirety. In the alternative, if the Court determines that the objections to any of the three statements specifically identified by Defendant should be sustained, then Plaintiff respectfully asks that the Court only strike the specific statement or words and leave the rest of Dr. Zdilar's Declaration in evidence. Plaintiff prays for all other and further relief to which he may be justly entitled.

Respectfully submitted,

THE GABBERT LAW FIRM

/s/ *Allison H. Gabbert*
Allison H. Gabbert
Texas Bar No. 00795357
11511 Katy Freeway, Suite 610
Houston, Texas 77079
allison@thegabbertlawfirm.com
713-980-9012 Telephone
866-427-6768 Facsimile
*Attorney for Plaintiff Patrick Nagorski*

## CERTIFICATE OF SERVICE

I certify that on October 7, 2024, a true and correct copy of the above and foregoing pleading was served upon all attorneys of record pursuant to the Federal Rules of Civil Procedure.

Daniel N. Ramirez
Nalley I. Rodriguez, of counsel
Monty & Ramirez, LLP
150 W. Parker Rd., Third Floor
Houston, Texas 77076
dramirez@montyramirezlaw.com
nrodriguez@montyramirezlaw.com
281-493-5529 Telephone
281-493-5983 Facsimile
*Attorneys for Defendant Harris County, Texas*

                                                /s/ *Allison H. Gabbert*
                                                Allison H. Gabbert