UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK NAGORSKI | § | |
| | § | |
| V. | § | C.A. NO.: 4:23-cv-02860 |
| | § | |
| HARRIS COUNTY, TEXAS | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT HARRIS COUNTY, TEXAS' MOTION FOR LEAVE TO FILE AMENDED EXHIBIT LIST (DOC. 92)**

**TO THE HONORABLE DAVID HITTNER**:

Comes now, Plaintiff Patrick Nagorski, and files this his Response to Defendant Harris County, Texas' Motion for Leave to File Amended Exhibit List (Doc. 92), and would show the Court as follows:

1. The Amended Scheduling Order in this case was issued on March 7, 2024. (Doc. 26).

2. Per the Amended Scheduling Order, the Joint Pretrial Order was due on December 30, 2024, which was extended to January 14, 2025, and which in part included the exchange of exhibit lists. *Id.* and (Doc. 69). The over a year-old Amended Scheduling Order, states "NO LATE EXCHANGES OF EXHIBITS WILL BE PERMITTED" and cautions the parties that failure to timely exchange can result in sanctions in accordance with all applicable rules. (Doc. 26).

3. In a February 3, 2025, Order, the Court ordered the parties to exchange exhibits by February 28, 2025. (Doc. 73). Again, the Court advised the parties, "No

late exchanges will be permitted. Failure to timely exchange all trial exhibits may result in this case being dismissed or other sanctions imposed, in accordance with all applicable laws." *Id.*

4. Also on February 3, 2025, the Court notified the parties that the Pretrial Conference was scheduled for March 18, 2025, and the Pretrial Conference occurred on that date. (Doc. 74).

5. Following the Pretrial Conference, in a March 25, 2025, email, the parties were assigned to commence trial on Monday, April 7, 2025.

6. In a late-night filing on Friday, March 28, 2025, Defendant sought leave to amend its exhibit list and add additional exhibits, including all of Plaintiff's psychiatric and psychological records exchanged in discovery on this matter and all of which Defendant has had since Summer 2024.

7. Defendant has wholly failed to explain why good cause exists to allow it to designate additional exhibits a week out from trial claiming the fact that said documents were exchanged during discovery means there is no prejudice to Plaintiff. Defendant has in no way provided an explanation to this Court as to why it failed to designate these additional exhibits timely or exactly what the relevance is. Defendant has wholly failed to provide any explanation as to why it did not recognize the Court's admonishments that no late exchanges are allowed or why it should not be sanctioned in some way for ignoring this part of the Court's Amended

Scheduling Order and February 3, 2025, Order.

8.  Defendant's conclusory assertion that no prejudice will occur to Plaintiff is incorrect for the following reasons:

   a.  Plaintiff's prior attorney missed the expert witness designation deadline and the Court denied Plaintiff's request to re-open the deadline so Plaintiff was unable to designate any psychiatric or psychological expert(s).

   b.  The records Defendant seeks to add to its exhibit list include primarily psychiatric and psychological records from three different providers – with neither side having designated a psychiatric or psychological expert who can opine on what the records mean or don't mean.

   c.  Had Plaintiff known that Defendant was seeking to admit all these records, then Plaintiff would have listed all the providers as fact witnesses.

   d.  Had Plaintiff known that Defendant was seeking to admit all these records, then Plaintiff would have addressed the issue in a motion in limine, a bench brief, and addressed any issues with the Court timely during the Pretrial Conference.

   e.  By waiting over two months since the Joint Pretrial Order was

        filed and after the Pretrial hearing has occurred, if the additional exhibits are allowed, then Plaintiff will be forced to take time from trial preparation to file his own motions for leave and the like to address the additional issues that the attempt to add these exhibits has caused.

    f.    Defendant's counsel is also not being fully candid about the reasons for the request to add these exhibits.  After the Pretrial Conference, Defendant's counsel issued an implied threat to Plaintiff when she asked Plaintiff's counsel whether Plaintiff understood what the consequences to Plaintiff's job could be if she gets into his medical records and potential PTSD in this trial.  Plaintiff's counsel and Plaintiff understood this to be a threat to Plaintiff's current job security, his current mental health stability, and an attempt to humiliate and intimidate Plaintiff on the eve of trial.  It was truly a disgusting conversation and this attempt to untimely add exhibits indicates to Plaintiff and his counsel that she intends to move ahead with her threat.

    8.    Defendant has stated no basis for good cause to allow the amendment with additional exhibits.  The addition of these new exhibits will create additional filings and motions to be filed with the Court and require additional pretrial hearing.

Given that Defendant has had these records since Summer 2024, and if they are as important as Defendant seems to imply, then Defendant should have included the exhibits on its exhibit list in accordance with the Court's Orders and certainly well before the Pretrial Conference in this case.

9. For all these reasons, Defendant Harris County, Texas' Motion for Leave to File Amended Exhibit List should in all things be denied. If the Court deems a sanction appropriate for this conduct, then Plaintiff asks that the Court issue whatever sanction the Court determines would be justified and reasonable.

## PRAYER

Plaintiff Patrick Nagorski prays the Court deny Defendant Harris County, Texas' Motion for Leave to File Amended Exhibit List and for all such other relief, at law or in equity, to which he is justly entitled.

Respectfully submitted,

**THE GABBERT LAW FIRM**

/s/ *Allison H. Gabbert*

Allison H. Gabbert

Federal ID No.: 22799

Texas Bar No. 00795357

11511 Katy Freeway, Suite 610

Houston, Texas 77079

allison@thegabbertlawfirm.com

713-980-9012 Telephone

866-427-6768 Facsimile

*Attorney for Plaintiff Patrick Nagorski*

## CERTIFICATE OF SERVICE

I certify that on March 31, 2025, a true and correct copy of the above and foregoing response was served upon all attorneys of record through the Court's ECF system and in compliance with the Federal Rules of Civil Procedure.

Ruth M. Willars

Daniel N. Ramirez

Monty & Ramirez, LLP

150 W. Parker Rd., Third Floor

Houston, Texas 77076

rwillars@montyramirezlaw.com

dramirez@montyramirezlaw.com

281-493-5529 Telephone

281-493-5983 Facsimile

*Attorneys for Defendant Harris County, Texas*

/s/ *Allison H. Gabbert*

Allison H. Gabbert