IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Patrick Nagorski,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | C.A. No. 4:23-CV-2860 |
| § | | |
| **Harris County, Texas,** § | | |
| *Defendant.* § | | |

**DEFENDANT HARRIS COUNTY, TEXAS'
OBJECTIONS TO PLAINTIFF'S EXHIBITS**

Pursuant to Local Rule 46, Defendant Harris County, Texas ("Defendant") hereby files its written objections to exhibits offered by Plaintiff and respectfully requests that the Court exclude the exhibits from the evidence submitted to the jury.

**A. Objection to Plaintiff's Exhibits 3, 4, and 5 – Plaintiff's Performance Reviews from 2016-2018**

Defendant objects to Plaintiff's Exhibit 3 – Plaintiff's 2016 Performance Review, Exhibit 4 – Plaintiff's 2017 Performance Review, and Exhibit 5 – Plaintiff's 2018 Performance Review because each of these exhibits are outside the time period of the claims asserted by Plaintiff and have absolutely no bearing on the Plaintiff's case. FED. R. EVID. 401.

Defendant would be forced to address each prior performance evaluation and any contents thereto. Therefore, admitting Plaintiff's Exhibits 3, 4, and 5 would be

also confusing to the jury, mislead the jury, and delay the trial. FED. R. EVID. 401 and 403.

### B. Objection to Plaintiff's Exhibit 30 – Emails with Plaintiff

Defendant objects to Plaintiff's Exhibit 30 – Emails Between Stan Clark, Plaintiff, Laura Hedge, and Natalie DeLuca, 2/25/22 because the email exchange is incomplete rendering the exhibit on grounds that it is highly prejudicial, as it would confuse the issues and mislead the jury by omitting relevant portions of the email thread – specifically HC 940. By presenting only a fragment of the conversation, the exhibit risks causing the jury to interpret the discussion out of context. FED. R. EVID. 403. As such, Defendant seeks to exclude the exhibit or in the alternative admit HC 940 which is excluded from the email exchange.

### C. Objection to Plaintiff's Exhibit 39 – Response to EEOC

Defendant objects to Plaintiff's Exhibit 39 – Harris County's Response to the EEOC on grounds that it is irrelevant and cumulative. FED. R. EVID. 401 and 403.

### D. Objection to Plaintiff's Exhibits 40 and 41 – ADA and FMLA Training

Defendant objects to Plaintiff's Exhibit 40 – ADA Training and Exhibit 41 – FMLA Training on grounds that it is hearsay, and portions are even double hearsay. FED. R. EVID. 801 and 802. Further, these exhibits do not make Plaintiff's claims more or less probable. Rather, the exhibits are likely to confuse the issues and mislead the jury. Their probative value, if any, is outweighed by the danger of unfair

prejudice. FED. R. EVID. 403. In particular, statements made in these exhibits are likely to confuse the jury given Court's charge on many of the terms used in these exhibits. Further, the exhibits mistake the law suggesting that an employer has burden of proof. FED. R. EVID. 401 and 403.

### E. Objection to Plaintiff's Exhibits 49, 50, 52 and 53 – Pleadings which are from entirely different cases

Defendant objects to Plaintiff's Exhibit 49 – Certified Copies of Patel Record from the 1st Court of Appeals, Exhibit 50 – Copies of Rollins' Pleadings, Exhibit 52 – Rollins' Appeal drafted by Plaintiff, November 2021 and Exhibit 53 – Certified Copies of Casares' Pleadings because each of these exhibits is hearsay and have absolutely no bearing on the Plaintiff's case. FED. R. EVID. 801, 802, and 401. While Plaintiff worked on these cases, the pleadings themselves are not relevant to Plaintiff's claims and should be excluded. FED. R. EVID. 401. Furthermore, these exhibits do not make Plaintiff's claims more or less probable.

Admitting Plaintiff's Exhibits 49, 50, 52 and 53 would be confusing to the jury and mislead the jury and delay the trial. FED. R. EVID. 403.

### F. Objections to Plaintiff's Exhibit 57 – Plaintiff's Resume

Defendant objects to Plaintiff's Exhibit 57 – Plaintiff's Resume as irrelevant hearsay. FED. R. EVID. 401, 801, and 802.

### G. Objections to Plaintiff's Exhibits 58-59 – State Bar Information

Defendant objects to Plaintiff's Exhibit 58 – Susana Sosa State Bar of Texas Information, Exhibit 59 – Moustapha Gassama State Bar Information. This information is not relevant. Admitting Plaintiff's Exhibits 58 and 59 would be confusing to the jury, mislead the jury and delay the trial. FED. R. EVID. 403. Plaintiff has made no claim of comparative pay deferential to these individuals.

### H. Objections to Plaintiff's Exhibit 60 – Rea and Clark Texts

Defendant objects to Plaintiff's Exhibit 60 – Rea and Clark Texts as irrelevant hearsay. FED. R. EVID. 401, 801, and 802. Furthermore, it would confuse the issues, mislead the jury and its probative value, if any, is outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

### I. Objections to Plaintiff's Exhibit 62 – Harris County Top Paid Employees 2023

Defendant objects to Plaintiff's Exhibit 62 – Harris County Top Paid Employees 2023. This information is hearsay. FED. R. EVID. 801. This information is not relevant, Plaintiff resigned in July 2022. Admitting Plaintiff's Exhibit 62 would be confusing to the jury, mislead the jury and delay the trial. FED. R. EVID. 403. Plaintiff has made no claim disparate pay.

### J. Objections to Plaintiff's Exhibit 64 – Nagorski Retirement Damage Calculations

Defendant objects to Plaintiff's Exhibit 64 which is identified Plaintiff's Retirement Damage Calculations Chart from Disclosures and

Supplements/Amendments thereto on the grounds that it is hearsay and improper lay testimony which Plaintiff attempts to circumvent his failure to timely designate an expert witness. FED. R. EVID. 801, 802, 701 and 702. Plaintiff is also attempting to introduce this exhibit in violation of the Best Evidence Rule. FED. R. EVID. 1002.

Furthermore, Plaintiff's Exhibit 64 should be excluded because it's misleading and its probative value, if any, is outweighed by the danger of unfair prejudice. FED. R. EVID. 403.

### K. Objections to Plaintiff's Exhibits 65 and 66 – TCDRS Documents

Defendant objects to Plaintiff's Exhibits 65 and 66 which are identified as the TCDRS Act 2023 as Plaintiff failed to disclose these records during discovery. FED. R. EVID. 401; FED. R. CIV. P. 26 and 37.

Plaintiff's Exhibits 65 and 66 should also be excluded in their entirety because they have absolutely no bearing on the factual basis of Plaintiff's claims and its probative value, if any, is outweighed by the danger of unfair prejudice and unfair surprise. FED. R. EVID. 401 and 403. Defendant further objects to Exhibits 65 and 66 as improper lay testimony as it seeks to introduce statutory laws through exhibits which should be presented through expert testimony. FED. R. EVID. 701 and 702. Admitting Plaintiff's Exhibits 65 and 66 would be confusing to the jury, mislead the jury and delay the trial. FED. R. EVID. 403.

### L. Objections to Plaintiff's Exhibit 68 – Pay Step Charts

Defendant objects to Plaintiff's Exhibit 68 – Harris County Attorney's Office Pay Step Charts because it is irrelevant hearsay. FED. R. EVID. 401, 801 and 802. Admitting Plaintiff's Exhibit 68 would be confusing to the jury, mislead the jury and delay the trial. FED. R. EVID. 403. Plaintiff has made no claim of comparative pay deferential. Further, there is no evidence that this was in effect during the relevant period.

### M. Objections to Plaintiff's Exhibits 42, 58, 59, 60, 62, 65, and 66 – Authenticity of Exhibits[1]

Defendant objects to the authenticity of Plaintiff's Exhibit 42 – Harris County Resources & Risk Management Form Interactive Process Record Form, Exhibit 58 – Susana Sosa State Bar of Texas Information, Exhibit 59 – Moustapha Gassama State Bar Information, Exhibit 60 – Rea and Clark Texts, Exhibit 62 – Harris County Top Paid Employees 2023, and Exhibits 65 and 66 TCDRS Documents. These exhibits should be excluded because Plaintiff has not provided sufficient evidence that each exhibit is what Plaintiff claims it to be therefore there is no basis to conclude that these documents are genuine or reliable. FED. R. EVID. 901.

### PRAYER

For the reasons stated herein, Defendant requests the Court exclude the

---

[1] Defendant reasserts its objections to the authenticity of these exhibits which Defendant timely made to Plaintiff in accordance with Local Rule 44.1.

following exhibits from evidence in this case: Plaintiff's Exhibits 3, 4, 5, 42, 49, 50, 52, 53, 58, 59, 60, 62, 64, 65, and 66.

Respectfully submitted,
**MONTY & RAMIREZ LLP**

*/s/ Ruth M. Willars*

**Of Counsel for Defendant**
Renu Tandale
Fed. ID No.: 3487389
Texas SBN: 24107417
150 W. Parker Road, Third Floor
Houston, TX 77076
Ph.: 281-493-5529
Fax: 281-493-5983
Email:
rtandale@montyramirezlaw.com

RUTH M. WILLARS
Monty & Ramirez LLP
Texas SBN: 24003175
Fed. ID No.: 28285
DANIEL N. RAMIREZ
Monty & Ramirez LLP
Texas SBN: 24039127
Fed. ID No.: 36213
150 W. Parker Road, 3rd Floor
Houston, TX 77076
Ph.:281-493-5529
Fax: 281-493-5983
rwillars@montyramirezlaw.com
dramirez@montyramirezlaw.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on March 31, 2025, a true and correct copy of the foregoing document was served upon all parties as set forth below pursuant to the Federal Rules of Civil Procedure.

Allison Gabbert
The Gabbert Law Firm
11511 Katy Freeway, Suite 610
Houston, TX 77079
Email: allison@gabbertlawfirm.com

**ATTORNEY FOR PLAINTIFF**

                                                  */s/ Ruth M. Willars*
                                                  RUTH M. WILLARS